David W. Sanford, D.C. Bar No. 457933
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7777
Facsimile: (202) 742-7776
Email: dsanford@nydclaw.com

Jeremy Heisler, N.Y. Bar No. 1653484
Steven L. Wittels, N.Y. Bar No. 2004635
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, N.Y. 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
Email: jheisler@nydclaw.com

Edward D. Chapin, CA Bar No. 053287
Jill M. Sullivan, CA Bar No. 185757
**OF COUNSEL, SANFORD, WITTELS & HEISLER, LLP**
550 West "C" Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318
Email: ed@chapinwheeler.com
jill@chapinwheeler.com

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
1666 Connecticut Ave, NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiffs Lola Lint, Norma Waddell, David Young and the FLSA and California Plaintiff Classes*

FILED
2009 JUN 25 PM 12: 17
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY ——— DEPUTY

**UNITED STATES DISTRICT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

'09 CV 1373 DMS RBB

LOLA LINT, NORMA WADDELL, and DAVID YANG, on behalf of themselves individually and all others similarly situated,

Plaintiffs,

vs.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant.

Case No.:

'09 CV 1373 DMS RBB

**COMPLAINT FOR COLLECTIVE ACTION UNDER FLSA AND CLASS ACTION UNDER CAL. LABOR LAW**

**JURY TRIAL DEMANDED**

## I.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal Fair Labor Standards Act ("FLSA") claim pursuant to 28 U.S.C. § 1331 because the action alleges violations of a federal statute, 29 U.S.C. § 216(b). Supplemental jurisdiction exists over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367.

2. The Court has personal jurisdiction over Defendant because Northwestern Mutual Life Insurance Company ("Northwestern Mutual" or "the Company"), presently and at all times relevant to this action, has conducted substantial and continuous commercial activities, including maintaining offices and a Registered Agent, in California.

3. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this District and because this Court has personal jurisdiction over the corporate Defendant.

## II.

## NATURE OF THE ACTION

4. Plaintiffs Lola Lint, Norma Waddell, and David Yang are former sales and financial representatives ("Reps") of Defendant Northwestern Mutual. Lint, Waddell, and Yang, individually and on behalf of all other similarly situated Reps, complain by their attorneys Sanford Wittels & Heisler, LLP, and the Law Offices of Grant Morris, as follows:

/////

5. An employer's obligation to pay its employees minimum wage and overtime wages is more than a matter of private concern between the parties. That obligation, codified in the FLSA and corresponding California state law, rests upon a compelling public policy judgment that members of a modern, humane society are entitled to work a livable number of hours at a livable wage. Furthermore, the statutes and regulations compelling employers to pay overtime were designed not only to benefit individual workers but also to serve the fundamental societal goal of reducing unemployment by giving the employer a disincentive to concentrate the work in a few overburdened hands and an incentive to instead hire additional employees. Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

6. This collective and class action lawsuit arises because Defendant Northwestern Mutual has trampled on these important interests enshrined in both federal and California state law. Northwestern Mutual has, for at least the four years preceding the filing of this Complaint, routinely and systematically denied its Reps the basic minimum wage and overtime compensation to which they are entitled under both the FLSA and California's overtime and minimum wage laws. Even though Reps are in fact "employees" entitled to the protections granted under wage and hour laws, Defendant has continuously deprived them of the full compensation that they are entitled to by willfully misclassifying them as "independent contractors" exempt from these protections.

7. Whether a worker is an "employee" or an "independent contractor" for the purposes of wage and hour laws is determined by applying the "economic reality test." While an array of factors are considered, the primary determination centers on the degree of control exerted by the alleged employer over the worker. The legal standard is clear: if the company doing the hiring controls or has the right to control a person's work performance, there is an employment relationship. At all times relevant to this complaint, Northwestern Mutual wielded virtually complete control over its Reps, setting the hours when Reps works, providing Reps with offices and equipment, mandating that Reps maintain detailed work records and meet

performance quotas set by the Company, and prohibiting Reps from working for any other brokerage firm while working on behalf of Northwestern Mutual.

8. The term "Reps" means all persons who have been, are, or in the future will be employed by the Defendant in a position as sales or financial representative, including but not limited to (i) employees whose title is or was referred to as Sales Representative or Financial Representative and (ii) employees who performed substantially similar work to employees with the title Sales Representative or Financial Representative. Discovery may reveal additional titles and employees that should be included in the FLSA and California Plaintiff Classes.

9. Norma Waddell and David Yang (collectively "FLSA Plaintiffs") bring this action under federal law on behalf of themselves and other similarly situated Reps whom Northwestern Mutual unlawfully deprived of the overtime and minimum wages to which they were entitled under the FLSA, as codified at 29 U.S.C. §§ 206 and 207. FLSA Plaintiffs bring all federal causes of action as an opt-in collective action pursuant to 29 U.S.C. § 216 (b).

10. Lola Lint and Norma Waddell (collectively "California Plaintiffs") bring this action under California law on behalf of themselves and other similarly situated Reps who, while working for Northwestern Mutual in California, were deprived of minimum wages pursuant to California Labor Code §§ 558, 1182, and 1194 and California Industrial Welfare Commission Wage Order No. 4-2001; were denied unpaid overtime wages for their work beyond forty (40) hours per week pursuant to California Labor Code §§ 510 and 558 and California Industrial Welfare Commission Order Wage No. 4-2001; and are entitled to relief under California Business and Professions Code § 17200. California Plaintiffs bring all causes of action under California law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

/////

/////

/////

/////

/////

## III.

## THE PARTIES

### A. The Named Plaintiffs

11. **Plaintiff Lola Lint** ("Ms. Lint") resides in San Diego, California and worked for Northwestern Mutual from approximately September 2005 to March 2006 in the Del Mar, California office.

12. **Plaintiff Norma Waddell** ("Ms. Waddell") resides in Escondido, California and worked for Northwestern Mutual from approximately January 2006 to October 2008. She worked at the Del Mar, California office from January 17, 2006, to September 30, 2007, and she worked at the Newport Beach, California office from September 30, 2007, until she left the company on October 15, 2008.

13. **Plaintiff David Yang** ("Mr. Yang") resides in Duluth, Georgia and worked for Northwestern Mutual in the Charlotte, North Carolina and Atlanta, Georgia offices from approximately August 29, 2001, until his termination on January 31, 2007.

### B. The Defendant

14. **Defendant Northwestern Mutual Life Insurance Company**, the nation's largest direct provider of life insurance, is a corporation that at all relevant times has engaged in operations and business throughout California, where it has operated offices and maintained a Registered Agent, and throughout the United States. Northwestern Mutual Life Insurance Company is incorporated in the State of Wisconsin and is headquartered at 720 East Wisconsin Avenue Milwaukee, Wisconsin 53202.

## IV.

## FACTUAL ALLEGATIONS

15. Northwestern Mutual recruits its Reps using claims that a career with the Company will provide the opportunity to be one's own boss. Reps, however, quickly discover after they are hired that the Company imposes strict sales requirements and engages in stringent monitoring practices that belie its promises that salespersons enjoy independence and freedom. Moreover, despite all the work they must complete in order to meet the Company's numerous

performance requirements, Reps receive no base salary at all – working exclusively on a commission basis.

16. Although Northwestern Mutual classifies its Reps as "independent contractors," the New Associate Success Agreement that the Company requires new hires to sign actually warns them that being one's own boss is a "privilege" that will take Reps *years* to "earn." "Until that time," the agreement explains, "we feel strongly that our experience in developing outstanding, self-employed sales professionals puts us in the best position to *judge which patterns of activity you need to do* in order to reach your full potential. Therefore, we have set *specific guidelines to which we expect you to adhere*" (emphasis added).

17. Northwestern Mutual dictates when and where Reps must work. Reps are expected to work from 7:30 a.m. to 5:30 pm or later, according to the New Associate Success Agreement, and those who arrive even minutes late for meetings are routinely fined for their tardiness. The Company's mandate that Reps work a minimum of ten (10) hours a day, five or six days per week, means that Reps work a minimum of fifty (50) to sixty (60) hours a week. As the New Associate Success Agreement tells Reps, "*Do* **not** *expect to work a 40-hour week*" (emphasis added).

18. During the workweek, Reps must report to an office owned, operated, and equipped by Northwestern Mutual. In these offices, Reps complete paperwork and contact clients relying on computers, telephones, offices, and conference rooms provided by the Company. Reps are encouraged to bring clients into the office whenever an in-person meeting is required. Though Reps are allowed to leave the office to meet with potential customers, they must keep written records explaining their activities outside the office, are expected to return to the office at the end of the day, and are sometimes accompanied by supervisors who monitor their performance. Reps who do not report to the office because of illness or vacation must call in to justify their absence to their supervisors.

/////

/////

/////

19. Northwestern Mutual Reps cannot set their own job performance goals; in order to keep their jobs, they must meet specific goals set by corporate managers. The Company establishes detailed quotas for Reps concerning every aspect of their jobs – including the number of newly scheduled appointments, appointments scheduled in advance, appointments kept daily, and financial representative "Builder Activity Points." Reps who fail to meet these and many other requirements are placed on probation and ultimately fired.

20. Reps must furnish the company with detailed reports documenting their work activities. Using a daily planner provided by the Company, Reps must record their calls, appointments, and other activities so that they can provide supervisors with performance reports on daily, weekly, monthly, and quarterly bases. Reps are also required to maintain detailed records about each customer, documenting past interactions with the client, plans to contact the client again, and even the client's birthday. When it comes to tracking customer information, Reps have discretion only in deciding if they would prefer to keep handwritten or electronic records.

21. Northwestern Mutual, in its promotional materials, gives the impression that Reps are, in fact, employees, referring to them consistently as members of the Northwestern "network" and "family." The Company points out that only Northwestern Mutual Reps are permitted to sell Northwestern Mutual life insurance products, and that the Company forbids its Reps from working for any other brokerage firm when they are affiliated with Northwestern Mutual. Furthermore, in its online employment recruitment efforts, the Company describes position of Rep as that of a "full-time employee."

22. Given the level of control that Northwestern Mutual has wielded and continues to wield over its workers, it is clear that Reps are not and have never been independent contractors and, therefore, are entitled to the minimum wage and overtime protections of the FLSA and corresponding California state law. Plaintiffs Lint, Waddell, Yang, and the members of the FLSA and California Plaintiff Classes all worked at least fifty (50) hours a week without any guarantee of compensation and ultimately received less than the minimum wage to which they were entitled.

23. Upon information and belief, Northwestern Mutual enforced these policies and practices against more than one hundred Reps employed at Northwestern Mutual in California and hundreds of Reps employed throughout the country during the relevant statute of limitations periods.

## V.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs Waddell and Yang ("FLSA Plaintiffs") brings all federal causes of action as an opt-in collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all persons who worked for Northwestern Mutual as Reps at any time from three years prior to the filing of this Complaint to entry of judgment in this case. For purposes related to this action, including notice, the names and addresses of Reps are readily available from Defendant Northwestern Mutual.

25. At all relevant times, FLSA Plaintiffs Waddell and Yang and the FLSA Class Members have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common policies of: a) willfully misclassifying Reps as independent contractors exempt from minimum wage and overtime requirements even though Defendant knew or should have known that Reps were not exempt, b) willfully failing and refusing to pay Reps minimum wages for their work, as required by 29 U.S.C. § 206, and c) failing and refusing to pay Reps time and a half rates for work in excess of forty (40) hours per week, as required by 29 U.S.C. § 207.

## FIRST CAUSE OF ACTION

## UNLAWFUL FAILURE TO PAY REQUIRED MINIMUM WAGES AND OVERTIME COMPENSATION

## (FLSA, 29 U.S.C. §§ 206 and 207)

26. FLSA Plaintiffs Waddell and Yang repeat and reallege all the allegations set forth in the foregoing paragraphs.

/////

/////

27. At all relevant times, Northwestern Mutual has employed and continues to employ Reps as "employee[s]" within the meaning of the FLSA, 29 U.S.C. § 203, as indicated by the substantial level of control that the Company has wielded and continues to wield over its Reps. However, Northwestern Mutual has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA by misclassifying Reps as independent contractors who are exempted from minimum wage requirements and overtime compensation. The Company has engaged in these practices throughout the three-year statute of limitations that applies to this action pursuant to 29 U.S.C. § 255.

28. Therefore, at all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Reps minimum compensation at the rates required by the FLSA, 29 U.S.C. § 206. Through this unlawful course of conduct, Defendant has deprived FLSA Plaintiffs and FLSA Class Members of the hourly wages stipulated in 29 U.S.C. § 206(a)(1), currently $6.55 per hour.

29. At all relevant times, Defendant has also operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Reps overtime compensation at the rates required by the FLSA, 29 U.S.C. § 206. Through this unlawful course of conduct, Defendant has deprived FLSA Plaintiffs and FLSA Class Members of the time and a half rate for work performed in excess of forty (40) hours per workweek to which they were and are entitled.

30. As a result of unlawful acts of Defendant, FLSA Plaintiffs Waddell and Yang and all FLSA Class Members are entitled to recovery in the amounts of their respective unpaid minimum wages, overtime compensation, and interest; liquidated (double) damage; prejudgment interest; attorneys' fees and costs, and any other legal and equitable relief the Court deems just and proper pursuant to 29 U.S.C. § 216(b).

/////

/////

/////

## VI.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs Lint and Waddell ("California Plaintiffs") bring all causes of action arising under California state law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. California Plaintiffs seek relief on behalf of a class of all Reps employed by Northwestern Mutual in the State of California at any time from four years prior to the filing of this Complaint to entry of judgment in this case. This controversy meets all prerequisites for class certification under Rule 23.

32. The proposed Class is so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, upon information and belief, hundreds of people are or have been employed by the Defendant as Reps in California during the four years prior to the filing of this Complaint to entry of judgment in this case.

33. There are questions of law and fact common to Plaintiff and the California Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a) Whether Northwestern Mutual has violated and continues to violate California Labor Code § 510 and Wage Order No. 4-2001 by failing to pay overtime compensation to Reps who work in excess of forty (40) hours per week and/or eight (8) hours per day;

b) Whether Northwestern Mutual has violated and continues to violate California Labor Code § 1182.12 and Wage Order No. 4-2001 by failing to pay the required minimum wage to its California Reps; and

c) Whether Northwestern Mutual has violated and continues to violate California Business and Profession Code § 17200 by failing to pay minimum wages and overtime compensation to its California Reps.

/////

/////

34. California Plaintiffs' claims are typical of the claims of the California Class. California Plaintiffs and all members of the California Class perform similar duties, which are prescribed and closely monitored by the Company. Like all California Class Members, Plaintiffs have been injured by Northwestern Mutual's common course of conduct denying its Reps lawful minimum wages and overtime compensation and are entitled to recover damages and associated relief.

35. California Plaintiffs Lint and Waddell will fairly and adequately represent and protect the interests of the California Class Members. Lint and Waddell have retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

36. Due to the basic uniformity of the California Class Members' duties and responsibilities, a class action pursuant to Rule 23 is superior to other available methods for the fair and efficient adjudication of this controversy. Adjudication of individual litigation claims may be prohibitively expensive for individual California Class Members, virtually all of whom lack the financial resources to vigorously prosecute a lawsuit against the corporate Defendant. Moreover, separate adjudication of potentially hundreds of individual actions would impose significant burdens on the resources of both this Court and the public. Finally, the prosecution of separate actions would create the risk of inconsistent and/or varying adjudications with respect to individual California Class Members, establishing incomparable standards of conduct for Northwestern Mutual, and impairing the rights of the California Class Members by disposing of their interests through actions to which they are not parties.

## <u>SECOND CAUSE OF ACTION</u>

### UNLAWFUL FAILURE TO PAY REQUIRED MINIMUM WAGES AND OVERTIME COMPENSATION

### (CALIFORNIA LABOR CODE §§ 510, 558, 1182 *et seq.*; 1194 *et seq.*; WAGE ORDER NO. 4-2001)

37. California Plaintiff Waddell repeats and realleges all allegations set forth in the foregoing paragraphs.

/////

/////

38. Throughout the relevant three-year statute of limitations period, Defendant Northwestern Mutual operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Reps minimum wages at the rates required by California Labor Code § 1182.12 and Wage Order No. 4-2001, which mandate a minimum wage of $7.50 per hour beginning January 1, 2007, and a minimum wage of $8.00 per hour beginning January 1, 2008. At all times throughout the class period, California Plaintiff Waddell and the California Class Members were paid less than the statutory minimum wage.

39. Throughout the relevant three-year statute of limitations period, Defendant Northwestern Mutual operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Reps for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001. Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiff Waddell and the Class Members the time and a half rate for work performed in excess of forty (40) hours per workweek and eight (8) hours per workday to which they were and are entitled.

40. As a result, under Labor Code § 1194, California Plaintiff Waddell and the California Class Members are entitled to damages in the amount of their respective unpaid overtime compensation plus interest, reasonable attorneys' fees and costs, injunctive relief, and such other legal and equitable relief as the Court deems just and proper.

41. In addition, Defendant is liable for civil penalties pursuant to Labor Code §§ 558 and 2698 *et seq.* as follows: 1) for any initial violation, fifty dollars ($50) for each Class Member for each pay period during which the Class member was not paid overtime; and 2) for each subsequent violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not paid overtime.

/////

/////

/////

/////

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION

## (CALIFORNIA BUSINESS & PROFESSIONAL CODE §§ 17200-17208)

42. California Plaintiffs Lint and Waddell repeat and reallege all allegations contained in the foregoing paragraphs.

43. Throughout the relevant four-year statute of limitations period, Defendant Northwestern Mutual has committed the various labor violations described above. Defendant's failure to pay legally required minimum wages and overtime compensation constitutes unlawful, unfair, and/or fraudulent activity prohibited by Business and Professions Code § 17200.

44. As a result of its unlawful, unfair and/or fraudulent acts, Northwestern Mutual has reaped and continues to reap unfair benefits and illegal profits at the expense of California Plaintiffs Lint and Waddell and the California Class Members.

45. Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to California Plaintiffs Lint and Waddell and the California Class Members the wrongfully withheld overtime wages to which they are entitled, interest on these wages and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

## VII.

## DEMAND FOR TRIAL BY JURY

46. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all triable questions of fact raised by the complaint.

/////

/////

/////

/////

/////

/////

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiffs on behalf of themselves and the Class Members they seek to represent in this action, request the following relief:

A. That the Court determine that this action may be maintained as a collective action under 29 USC § 216(b) and as a class action under the Federal Rules of Civil Procedure Rule 23;

B. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the statute of limitations period, employed by Defendant Northwestern Mutual as Reps. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit for the recovery of withheld overtime compensation;

C. That the Court find that Northwestern Mutual has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, and the overtime provisions of the California Labor Code §§ 510 and 1194 and Wage Order 4-2001 as to the Plaintiff and the Class;

D. That the Court find that Northwestern Mutual has violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206, and the minimum wage provisions of the California Labor Code § 1182.12 and Wage Order 4-2001 as to the Plaintiff and the Class;

E. That the Court find that Defendant has violated California Business and Professions Code § 17200 by failing to pay its Reps overtime compensation and minimum wage.

F. That the Court find that Defendant's violations as described have been willful;

/////

/////

G. That the Court award to FLSA Plaintiffs and the FLSA Plaintiff Class compensatory and liquidated damages in excess of $100 million for unpaid minimum wages and overtime compensation, including interest, and penalties subject to proof at trial pursuant to 29 U.S.C. § 201 *et seq*. and the supporting United States Department of Labor regulations;

H. That the Court award to California Plaintiff Waddell and the California Plaintiff Class compensatory and liquidated damages in excess of $100 million for unpaid minimum wages and overtime compensation, including interest, and penalties subject to proof at trial pursuant California Labor Code §§ 558, 1194, and 2698 *et seq*.;

I. That the Court order and enjoin Defendant Northwestern Mutual to pay restitution to California Plaintiffs and the California Plaintiff Class due to Northwestern Mutual's unlawful, unfair, and/or fraudulent activities, pursuant to Business and Professions Code §§ 17200-05;

J. That Defendant further be ordered to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code §17200, pursuant to §17203;

K. That California Plaintiffs and the California Class be awarded reasonable attorneys' fees and costs pursuant to California Labor Code §1194, Code of Civil Procedure § 1021.5 and/or other applicable law;

L. That FLSA Plaintiffs and the FLSA Class be awarded reasonable attorneys' fees and costs pursuant to FLSA 29 U.S.C. § 216(b), and/or other applicable law; and

/////

/////

/////

/////

/////

M. That the Court award such other and further relief as this Court may deem appropriate.

DATED: June 25, 2009

Respectfully submitted,

Edward D. Chapin, CA Bar No. 053287
Jill M. Sullivan, CA Bar No. 185757
**OF COUNSEL, SANFORD WITTELS & HEISLER, LLP**
550 West "C" Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318
Email: ed@chapinwheeler.com
jill@chapinwheeler.com

David W. Sanford, D.C. Bar No. 457933
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
Washington, DC 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776
Email: dsanford@nydclaw.com

Jeremy Heisler, NY Bar No. 1653484
Steven Wittels, NY Bar No. 2004635
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
Email: jheisler@nydclaw.com

Grant Morris, DC Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

*Attorneys for Plaintiffs Lola Lint, Norma Waddell, David Yang and the FLSA and California Plaintiff Classes*

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

LOLA LINT, NORMA WADDELL, and DAVID YANG, on behalf of themselves individually and all others similarly situated

## DEFENDANTS

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

FILED

2009 JUN 25 PM 12:17

CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY ________ DEPUTY

(b) County of Residence of First Listed Plaintiff San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ________

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Edward D. Chapin, Esq. (CA Bar No. 053287)
Of Counsel, Sanford, Wittels & Heisler, LLP
550 West "C" Street, Suite 2000
San Diego, CA 92101
(619) 241-4810

Attorneys (If Known)

'09 CV 1373 DMS RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. Sections 206 and 207

Brief description of cause:
Failure to pay minimum wages and overtime compensation

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 100,000,000

[X] CHECK YES only if demanded in complaint:

**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ________ DOCKET NUMBER ________

DATE 6/25/09 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 002336 AMOUNT $350 APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

MS 6/25/09

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002336
Cashier ID: msweaney
Transaction Date: 06/25/2009
Payer Name: NATIONWIDE LEGAL, INC

---

CIVIL FILING FEE
For: LINT V. NORTHWESTERN LIFE INS.
Case/Party: D-CAS-3-09-CV-001373-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 109373
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00
charged for any returned check.