MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, State Bar No. 167223
JENNIFER L. BRADFORD, State Bar No. 203871
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:    949.399.7000
Fax:    949.399.7001
E-mail: barbara.miller@morganlewis.com
           jbradford@morganlewis.com

Attorneys for Defendant
Northwestern Mutual Life Insurance Company

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOLA LINT, NORMA WADDELL, and DAVID YANG, on behalf of themselves individually and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 09 CV 1373 DMS (RBB)<br><br>**DEFENDANT NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF DAVID YANG**<br><br>Complaint Filed:    June 25, 2009<br>Trial Date:              None Set |

Defendant Northwestern Mutual Life Insurance Company ("Northwestern"), through their undersigned attorneys, objects to the Motion to Withdraw as Counsel for Plaintiff David Yang ("Motion to Withdraw") filed by Sanford, Wittels & Heisler, LLP and the Law Offices of Grant Morris (collectively, "Plaintiffs' Counsel") on the following grounds:

First, Plaintiffs' Counsel should not be allowed to withdraw as Yang's attorneys, because no substitution of attorney has been filed and it is improper to permit a *pro se* plaintiff to represent the interests of a class. The First Cause of Action contained in Plaintiffs Lola Lint, Norma Waddell, and David Yang's (collectively, "Plaintiffs") Complaint asserts that Northwestern violated the Fair Labor Standards Act ("FLSA") and seeks relief on a collective action basis.[1] (Compl. ¶ 26.) Plaintiffs' Complaint asserts that the FLSA collective action claims are brought by Plaintiffs Waddell and Yang on behalf of themselves and all other similarly situated employees. (Compl. ¶¶ 9, 24, 26.) Plaintiffs' Counsel now wants to withdraw as counsel for Yang, leaving Yang to proceed as a *pro se* plaintiff. It is well-settled, however, that a plaintiff acting *pro se* is unable to fairly and adequately protect the interests of a class. *See, e.g., Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that class representatives cannot appear *pro se*, because a lay person's competence is "clearly too limited to allow him to risk the rights of others"); *Allen v. Mayberg*, 2010 U.S. Dist. LEXIS 15350, at *44-*45 (E.D. Cal. 2010) (holding that none of the named representatives could be adequate class representatives as they were all proceeding *pro se* and none were attorneys that could represent other class members); *Broadus v. Aegis Communication Group Inc.*, 2002 U.S. Dist. LEXIS 11169, at * 9-*10 (N.D. Tex. 2002) (denying the plaintiff's attempt to add class action claims for discrimination, in part because the plaintiff could not fairly and adequately protect the proposed class in that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a non-lawyer); *Osipova v. Home Energy Assistance Program*, 1985 U.S. Dist. LEXIS 13467, at *5-*6 (S.D.N.Y. 1985) (holding that "the law is settled that *pro se* litigants

---

[1] Plaintiffs' Complaint also contains a claim for violation of the California Labor Code and a claim under California's unfair competition law. Both of these claims seek relief on a class-wide basis, naming Plaintiffs Lint and Waddell as proposed class representatives. (Compl. ¶¶ 10, 31, 37, 42.)

DB1/64767599.1       1

cannot qualify as adequate class representatives"); *Kukes v. Vasquez*, 1993 U.S. Dist. LEXIS 16101, at *3 (N.D. Cal. 1993) ("A pro per plaintiff cannot adequately protect the interests of the class.").[2]  This principle equally applies to collective actions brought under the FLSA.  *See, e.g., In re FedEx Ground Package Sys., Inc.*, 662 F. Supp. 2d 1069, 1082-83 (N.D. Ind. 2009) ("Although the requirements of Rule 23 generally don't apply to certification of an FLSA collective action, inadequacy of representation is nevertheless an equitable consideration at issue in determining whether to certify a putative class."); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) ("Although [the collective action procedure for FLSA violations] does not expressly incorporate Rule 23(a)(4)'s adequacy-of-representation requirement, the adequacy of a class counsel or a class representative is not necessarily irrelevant in a putative [FLSA] collection action because the court has an inherent interest in ensuring that opt-in plaintiffs are adequately represented.").

Adequacy of representation assures due process of law to the unnamed collective action and class members.  Yang's conduct since Plaintiffs' Counsel filed their Motion to Withdraw demonstrates, among other things, that Yang cannot adequately represent the interests of absent putative collective action or class members.  On April 23, 2010, Yang filed a motion requesting that the Court dismiss named plaintiff Lint from the lawsuit.[3]  Yang cannot credibly argue that he is an adequate representative when he has filed a motion seeking to oust a named plaintiff from the lawsuit.[4]  By doing so, of course, Yang implies quite tellingly that his individual interests

---

[2] *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not bring a class action on behalf of fellow prisoners); *McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir. 1966) (noting that while the plaintiff could appear in propria persona on his own behalf, he lacks the authority to appear as an attorney for others); *Naum v. City of New York*, 1996 U.S. Dist. LEXIS 3728, at *1-*2 (S.D.N.Y. 1996) (denying class certification because "Plaintiff, acting pro se, is unable to 'fairly and adequately protect the interests of the class'"); *Bryant v. Oakland Tribune Newspaper Co.*, 1993 U.S. Dist. LEXIS 583, at *2-*3 (N.D. Cal. 1993) (denying request by a pro se plaintiff to proceed as a class action).

[3] In addition to the motion to dismiss Lint from the lawsuit, Yang also filed an objection to Plaintiffs' Counsel Motion to Withdraw.  Pursuant to Southern District of California Local Civil Rule 83.3(g)(1), Yang cannot appear or act on his own behalf until an order of substitution has been made by this Court.

[4] Northwestern reserves the right to argue that Yang is an inadequate representative at the collective action and class action stage.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1  diverge from those of at least some other putative collective action or class members.  In short,

2  Yang – acting on his own – is neither a proper nor adequate representative for any putative class.

3  Accordingly, unless and until a substitution of attorney for Yang is filed or Plaintiffs' Counsel

4  dismisses without prejudice the FLSA collective action claims contained in the Complaint,

5  Plaintiffs' Counsel should not be allowed to withdraw as Yang's attorneys.

6  Second, if Plaintiffs' Counsel is allowed to withdraw as Yang's attorneys, they will be

7  unable to argue down the road that they can adequately represent *all* of the putative collective

8  action members with respect to FLSA claims.  Attorneys appointed to serve as class counsel must

9  fairly and adequately represent the interests of *the class as a whole*.  Yang is clearly and

10  expressly in that group:  he is named in the Complaint as one of the proposed representatives for

11  the collective action claims brought under the FLSA, and he has filed a consent to join the

12  collective action.  (*See* Exhibit A.)  Thus, if this Court were to one day determine that this case is

13  appropriate for collective action treatment,[5] Yang would necessarily be part of the collective

14  action as an opt-in plaintiff.  Plaintiffs' Counsel cannot on the one hand argue that they can

15  adequately represent the interests of the putative FLSA collective action members and at the same

16  time argue that they do not represent Yang.  Such an inherent conflict should not be permitted.[6]

17  Accordingly, should Plaintiffs' Counsel wish to withdraw as Yang's attorneys, the FLSA

18  collective action claims contained in the Complaint should be dismissed.

19  Finally, Plaintiffs' Counsel's Motion to Withdraw argues that good cause for withdrawal

20  exists under one or more of the grounds specified in California Rules of Professional Conduct

21  Rule 3-700(C)(1) or ABA Model Rules of Professional Conduct Rule 1.16(b)(1)-(7).  (Motion at

22  2:16-20.)  The Motion to Withdraw, however, fails to disclose the actual reason or reasons for the

23  proposed withdrawal and is devoid of any facts to support such a request.  Without knowing the

24  factual basis, Northwestern cannot fully respond to the Motion to Withdraw.  Accordingly, if this

---

[5] Northwestern maintains that this case is not appropriate for either collective action or class action treatment.

[6] Northwestern reserves the right to argue that Plaintiffs' Counsel cannot adequately represent either the putative collective action or class members at the collective action and class action stage.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64767599.1                                      3

Defendant's Opposition to Plaintiffs' Counsel's Motion to Withdraw As Counsel for Plaintiff Yang

1  Court is inclined to grant Plaintiffs' Counsel's Motion to Withdraw, Northwestern respectfully
2  requests the opportunity to further address the specific reasons for the proposed withdrawal.
3      For all of the foregoing reasons, Northwestern respectfully requests that this Court deny
4  Plaintiffs' Counsel's Motion to Withdraw, unless and until either (1) a substitution of attorney for
5  Yang is filed, or (2) Plaintiffs' Counsel dismisses without prejudice the FLSA collective action
6  claims contained in the Complaint.

8  Dated:  April 30, 2010        MORGAN, LEWIS & BOCKIUS LLP

9  By: /s/ Jennifer L. Bradford
10      Jennifer L. Bradford
    Attorneys for Defendant
11      NORTHWESTERN MUTUAL LIFE
    INSURANCE COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64767599.1    4

Defendant's Opposition to Plaintiffs' Counsel's Motion to Withdraw As Counsel for Plaintiff Yang

# EXHIBIT A

*Lola Lint, Norma Waddell, and David Yang, et al.
v. Northwestern Mutual Life Insurance Co.
USDC Case No. 09CV 1373 DMS (RBB)*

**Defendant's Opposition to Plaintiffs' Counsel's
Motion to Withdraw as Counsel for Plaintiff
David Yang**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLA LINT, NORMA WADDELL, and DAVID YANG, on behalf of themselves individually and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 09-cv-1373 (DMS RBB) <br><br> **CONSENT TO JOIN COLLECTIVE ACTION AND BECOME OPT-IN PLAINTIFF** |

## CONSENT TO PARTICIPATE AS AN OPT-IN PLAINTIFF

I work or worked for Northwestern Mutual Life Insurance Company at some point since 2006 in the position of __Financial Representative__. I was denied minimum wages and overtime pay.

I consent to join the FLSA collective action titled *Lola Lint, et al. v. Northwestern Mutual Life Insurance Company*, Case No. 09-cv-1373 (So. Dist. Cal.), to recover unpaid minimum wages and overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207.

I choose to be represented in this action by the Named Plaintiffs and Counsel (Sanford Wittels & Heisler, LLP).

__David__     __S.__     __Yang__
First Name    Middle    Last Name

__16668 Commons Creek DR.__
Street Address                          Apartment

__Charlotte,__                          __NC.__     __28277__
City                                    State       Zip

Signature _____             Date __1/1/09__

*Return this Request to:*   Sanford Wittels & Heisler, LLP
                            1666 Connecticut Ave. NW, Suite 310
                            Washington, DC 20009