# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLA LINT, et al.,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>NORTHWESTERN MUTUAL LIFE<br>INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. 09CV1373 DMS (RBB)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>[Doc. 35] |

　　　This action is a putative collective action under the Fair Labor Standards Act ("FLSA") and class action under California law for alleged wage and hour violations. Plaintiffs are former sales and financial representatives of Defendant Northwestern Mutual Life Insurance Company. (Compl. ¶ 4.) Plaintiffs David Yang and Norma Waddell are the proposed representatives under the FLSA collective action. (*Id.* at ¶ 9.) Plaintiffs Lola Lint and Norma Waddell are the proposed representatives for the class alleging violations of California law. (*Id.* at ¶ 10.) The matter has not yet been certified as a class action under Rule 23 of the Federal Rules of Civil Procedure, nor has a conditional class been certified under the FLSA.

　　　All three Plaintiffs are currently represented by attorneys at Sanford Wittels & Heisler, LLP and the Law Offices of Grant Morris. Plaintiffs' counsel has moved to withdraw as attorney for Plaintiff Yang. (Doc. 35.) Both Mr. Yang and Defendant oppose the motion. (Docs. 41 & 42.)

/ / /

1    A trial court has discretion in determining whether or not to grant a motion to withdraw as counsel. *Beard v. Shuttermart of Cal., Inc.*, 2008 U.S. Dist. LEXIS 10575, 6-7 (S.D. Cal. Feb. 13, 2008). Courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

   Plaintiffs' counsel filed an affidavit under seal setting forth the grounds for their motion to withdraw. Mr. Yang opposes the motion on the grounds that he founded the case, hired the attorneys, located the other two plaintiffs, produced documents and has suffered from the ordeal. (Doc. 41.) Defendant raises concerns about Mr. Yang and Plaintiffs' counsel's ability to serve as adequate representatives of a class, should a class action or collective action be certified.

   Upon review of Plaintiffs' counsel's affidavit, the Court finds there is good cause to grant the motion. Mr. Yang, however, can not appear *pro se* and maintain an action as a representative for others. *See, e.g.*, *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. Colo. 2000) (holding pro se litigant cannot represent a putative class).

   Accordingly, if Mr. Yang desires to proceed as a potential representative for a collective action, he must retain new counsel. The Court hereby sets a status conference for June 25, 2010, at 10:30 a.m, at which time substitute counsel for Mr. Yang shall appear or Mr. Yang shall advise the Court how he intends to proceed. All parties may appear telephonically at the status conference by calling (619) 557-2684. The Court shall defer ruling on Mr. Yang's motion to dismiss Plaintiff Lint until after the status conference.

   The Clerk shall mail a copy of this Order to Mr. David Yang at 16668 Commons Creek Drive, Charlotte, NC 28277.

   **IT IS SO ORDERED.**

DATED: May 27, 2010

_____
HON. DANA M. SABRAW
United States District Judge