UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2010 JUN -9 AM 11:02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| LOLA LINT, NORMA WADDELL, AND DAVID YANG, on behalf of themselves Individually and all other similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>NORTHWESTRN MUTUAL LIFE INSURANCE COMPANY/ NORTHWESTERN MUTUAL,<br><br>    Defendant. | Case No.:   09CV1373 DMS (RBB)<br><br>NOTICE OF MOTION TO APPEAL COUNSELS WITHDRAWAL. |

### NOTICE OF MOTION TO APPEAL COUNSELS WITHDRAWAL

   I, David S. Yang the lead plaintiff of this case 09CV1373 DMS (RBB) against Northwestern Mutual Life.  I am asking the court to appeal this counsel withdrawal.  My counsel has been trying to abandon me for the last six month.  I filed a discrimination lawsuit in Georgia.  This case is still pending and Jill Sullivan's firm advised me to file this lawsuit.  Now, my counsel wants this withdraw from representing me due to collateral estoppel.  My counsel is the one who directed me to file the lawsuit in Georgia.

   *I've attached documents that shows that Jill Sullivan's Firm advised me to file the Georgia lawsuit.  I have taped conversation between David Yang & Grant Morris.  Mr. Morris apologized to me for giving me a bad advise.  Quote, "I will never ask a client to have two different lawsuit at the same time!"

   I spoke to Hon. Dana M. Sabraw clerk and the Court herby sets a conference for July 23, 2010, at 1:30pm (pacific time), court room #10.  All parties may appear telephonically at the status conference by calling (619) 557-6262.

Dated:  June 2, 2010                      Respectfully submitted,

                                          [signature]
                                          David S. Yang / Lead Plaintiff

# CHAPIN FITZGERALD SULLIVAN LLP

Joseph "Jay" Wheeler (1947 - 2008)
Co-Founder

April 2, 2010

**<u>Via Email and Overnight Express</u>**   **<u>PRIVILEGED AND CONFIDENTIAL</u>**

Mr. David Yang
16668 Commons Creek Dr.
Charlotte, NC 28277

Re:   <u>Lola Lint, et al. v. Northwestern Mutual Life Insurance Company</u>
      U.S. District Court Case No.: 09cv1373 DMS (RBB)

Dear Mr. Yang:

      We have discussed with you the concept of dismissing you from the above-referenced lawsuit, and I write to convey our advice and *recommendation* on that issue. You are the only plaintiff in this matter who has already filed a lawsuit against entities affiliated with Northwestern Mutual General Life ("NWM"). Your Georgia lawsuit against NWM general agents James Worrell, General Agent, Inc. and Bullock Financial Group, Inc. asserting employment discrimination raises the issue of your classification as an employee versus an independent contractor because only employees are permitted to sue for employment discrimination. We understand that the pending summary judgment motion in your Georgia case challenges that very issue. This poses a number of issues that affect our class action lawsuit.

      First, in the event that you lose your summary judgment motion in Georgia, that finding will likely be applied against you in this lawsuit through a doctrine called collateral estoppel. That means that NWM would take your summary judgment loss in Georgia and argue to the court in our case that it is precluded from making a different employment classification finding; our legal analysis is that NWM would likely succeed on that argument. If NWM wins a summary judgment motion against you in our case, whether based on the collateral estoppel argument or on other grounds, you would be held responsible for NWM's costs in obtaining that judgment against you, which could be substantial.

      Second, you have already produced documents in your Georgia case that were used against you in your deposition and will continue to be used against you. NWM's counsel landed some blows to your credibility in your deposition, which will also be used against you, likely in a summary judgment motion. Additionally, because you produced your tax returns in the Georgia case, we will unlikely succeed in keeping them out of evidence in this case. We recognize that all of the class members are likely to have characterized themselves as independent contractors on their tax returns, and we understand completely that factor does not end the classification inquiry. However, we have a stronger argument for keeping our other plaintiffs' tax returns out of evidence; this is partly because in producing your tax returns in the Georgia case and not

April 2, 2010
Page 2

protecting them from the public record, you eliminated any reasonable expectation of privacy in the returns. NWM has made clear its intention to make hay with your tax returns not only on the classification issue, but also as they relate to your credibility generally, and it is our fear that they will further harm your credibility in doing so.

The issues discussed above, candidly, not only render you vulnerable to a judgment against you, but also render you a liability to the other class members. As a result, we strongly recommend that you dismiss your claims against NWM in this lawsuit without prejudice. By dismissing without prejudice, you preserve your ability to pursue your classification claims against NWM in another action, perhaps in another venue that is more convenient for you.

We must caution you that we feel sufficiently strongly about this recommendation that if you choose not to accept the recommendation, we will have reached a breakdown of the attorney-client relationship, and will be forced to withdraw from representing you in this matter. While we would hope to withdraw as your counsel with your consent, if you refuse to provide your consent to our withdrawal, we will ask the court for an order permitting our withdrawal as your counsel. If you do desire to pursue classification claims against NWM in a separate lawsuit in the future, your interests would be better served by a mutually agreed upon withdrawal, rather than a motion, which would require us to provide the Court with the underlying reason for our withdrawal.

I write on behalf of myself, my firm Chapin Fitzgerald Sullivan LLP, as well as our co-counsel Sanford, Wittels & Heisler, LLP. You may direct your questions and concerns about this letter to myself or Grant Morris.

Very truly yours,

*Jill Sullivan*

Jill M. Sullivan
of CHAPIN FITZGERALD SULLIVAN LLP

cc: Edward D. Chapin
David Sanford, Esq.
Grant Morris, Esq.

**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Tel: (202) 742-7780
Fax: (202) 742-7776
E-Mail: dsanford@nydclaw.com
www.nydclaw.com

| | | |
|---|---|---|
| 18 Half Mile Road<br>Armonk, NY 10504<br>(914) 273-7314<br>Fax: (914) 273-2563 | 950 Third Avenue, 10th Floor<br>New York, NY 10022<br>(646) 723-2947<br>Fax: (646) 723-2948 | 440 West Street<br>Fort Lee, NJ 07024<br>(201) 585-5288<br>Fax: (201) 585-5233 |

## FAX COVER SHEET

**TO:** Jose Quinones
**COMPANY:** EEOC - Atlanta District Office
**FAX NO.** (404) 562-6910
**CONTACT NO.**

**FROM:** Grant Morris
**DIRECT DIAL NO.** (202) 742-7783
**DATE:** 8/6/07
**RE:** David Yang's EEOC charge
**Total Number of Pages (Including cover sheet):** 2

**MESSAGE:**

### CONFIDENTIALITY NOTE

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or distribution of this communication to anyone other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify this firm immediately and return the original message to us at the above address via the U.S. Postal Service. Thank you.

<div style="text-align:center">
Law Offices<br>
**GRANT E. MORRIS**<br>
1666 Connecticut Ave., NW. Suite 310<br>
Washington DC 20009<br>
Telephone (202) 742-7783<br>
Facsimile (202) 742-7776<br>
grantemorris@gmail.com
</div>

---

<div style="text-align:center">August 6, 2007</div>

**VIA FACSIMILE (404-562-6910)**
Jose Quinones
EEOC Investigator
Atlanta District Office
Atlanta, GA

    Re:    **David Yang's EEOC Charge Against Northwestern Mutual**

Dear Mr. Quinones

    This letter confirms that the law firm of Grant Morris and Sanford, Wittels, and Heisler represent David Yang in his discrimination complaint that he has filed with your office against Northwestern Mutual.

    We intend to file an amended EEOC charge concerning the systemic discriminatory practices within a few days

    Thank you for your attention to this matter.

<div style="margin-left:50%">
Sincerely yours,

*/s/ Grant E. Morris*

Grant E. Morris
</div>

**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Direct Dial: (202) 742-7783
Fax: (202) 742-7776
E-Mail: grantemorris@gmail.com
www.nydclaw.com

| | | |
|---|---|---|
| 18 Half Mile Road | 950 Third Avenue, 10th Floor | 440 West Street |
| Armonk, NY 10504 | New York, NY 10022 | Fort Lee, NJ 07024 |
| (914) 273-7314 | (646) 723-2947 | (201) 585-5288 |
| Fax: (914) 273-2563 | Fax: (646) 723-2948 | Fax: (201) 585-5233 |

November 12, 2007

**VIA U.S. MAIL AND FACSIMILE:** (404) 562-6909
Mr. Jose Quinones
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

***Re: David Yang***

Dear Mr. Quinones:

As counsel for David Yang, a former sales representative at Northwestern Mutual (the "Company"), regarding his EEOC charge, we wish to respond to the Company's assertion that Mr. Yang is an independent contractor and should not be considered an employee for purposes of Title VII of the Civil Rights Act of 1964, as amended.

In the seminal decision in Nationwide Mutual Insurance Co., v. Darden, 503 U.S. 318 (1992), the Supreme Court provided its latest analysis of the employer-employee relationship versus the independent contractor. The issue in Darden centered on whether Darden was an employee of Nationwide even though he had some attributes of an independent contractor.

According to the Supreme Court, the determination of whether a worker is an employee or independent contractor requires consideration of the "hiring party's right to control the manner and means by which the product is accomplished." Id., at 324 (emphasis added). The Darden court proceeded to delineate the relevant factors to be considered under this common law "right to control" test: the skill required; the source of tools and instrumentalities; the location of the work; the duration of the relationship between the parties; the hiring party's right to assign additional projects to the hired party; the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's business; whether the hiring party is in business; whether employee benefits are provided; and the tax treatment of the hired party. Id. at 323-324. The

Supreme Court concluded that employee status is determined on a case-by-case basis, assessing all factors, with no one factor being determinative. Id.

The EEOC has applied the Darden analysis to Title VII, the ADEA, and the ADA in its policy directive contained in a 1997 Compliance Manual, "Enforcement Guidance: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms." See e.g., Speen v. Crown Clothing Corp., 102 F. 3d 625 (1st Cir. 1997)(in light of Darden, applying the common law agency test to define "employee" in ADEA cases); Barnhart v. NY Life Ins. Co., 141 F.3d 1310 (9th Cir. 1998)(finding that Darden's common law definition of employer applies to Title VII).

Applying these factors to David Yang and his work at Northwestern Mutual, it is perfectly clear that Mr. Yang should be considered an employee for purposes of Title VII statutory coverage. Most importantly, the Company controls the sales representatives both as to the work done and the manner and means in which it is performed. In this regard, the Company exercises its control over Mr. Yang by the following means:

1. The Company maintains rigid control over his hours worked per day. Mr. Yang is required to arrive at work by 7:30 am. If he is late, he will be fined $25 or will be subject to further disciplinary action, including discharge. After meeting with a client or potential client during the day, Mr. Yang returns to the office to complete his paperwork and prepare his schedule for the following day. Typically he works until 7:00-8:00 pm and discusses his activities with his supervisor before he leaves work. Mr. Yang spends the vast majority of his time at the Company's offices and only leaves for limited scheduled appointments.

2. The Company provides a cubicle or office for Mr. Yang at its worksite.

3. The Company provides a computer for Mr. Yang. He is given an ID and password to go online. The computer has a data base for him to review and leads to follow. He can only use the computer at his office on the Company's premises. The Company also provides Mr. Yang with an office phone for him to use when soliciting customers.

4. The Company maintains rigid control over Mr. Yang's day-to-day activities through the close and constant monitoring of his supervisor. On a daily basis the supervisor reviews Mr. Yang's time entering and leaving the facility, his schedule, the number of phone calls made, the number of appointments made, and his notes from any meetings with any potential clients. The supervisor discusses his production on a daily basis and advises him on promotional and marketing techniques everyday.

5. The Company maintains rigid control over Mr. Yang by closely monitoring Yang's activities and production though his mandatory attendance at meetings. Mr. Yang is required to attend a Monday morning meeting, a

      Monday evening meeting, and a meeting that takes place on the first Friday of every month. These meetings are in addition to his one-on-one meetings throughout the week with his supervisor.

6. The Company maintains rigid control over Mr. Yang through the threat of disciplinary action and/or fines.

7. The Company maintains rigid control over Mr. Yang by restricting his territory where he may pursue potential clients.

8. The Company maintains rigid control over Mr. Yang by requiring him to adhere to their strict marketing/solicitation rules.

Additional indicia that Mr. Yang is an employee can be found in two areas. First, the Company provides the following benefits: an Agent Retirement Plan, stock options, and they pay 50% of the health insurance coverage. Second, there is an expectation of the permanency of the relationship: Mr. Yang was hired with the expectation that the relationship will continue indefinitely rather than for a specific period of time or for a specific project.

The foregoing factors demonstrate that the Company has the right to control when, where, and how Mr. Yang performs the job. His work is largely performed on the premises of the Company because Mr. Yang spends most of his time soliciting clients from his office. The Company sets his hours of work and duration on the job. The Company provides the tools: a computer, a phone, and marketing material. There is a continuing relationship between Mr. Yang and the company; he is not working on a special project basis. Mr. Yang has no role in hiring and paying assistants. Mr. Yang's work is part of the regular business of the Company i.e., selling insurance products. He is not engaged in his own distinct business practice. The Company can, and did, discharge Mr. Yang.

The Company has attempted to escape the overwhelming weight of the evidence showing that Mr. Yang is an employee by asserting that Mr. Yang has waived his right to sue because he signed a contract stating that he is an independent contractor. Without exception, this argument has been rejected by the federal courts for years. In a series of recent cases, several federal courts of appeals across the country have dismissed employment contracts that expressly designated workers as independent contractors. These courts have considered written contracts less important than the actual working relationships, control of worker performance and other factors when worker status is at issue. Several key decisions on this issue are the following:

1. In the landmark case of <u>Vizcaino v. Microsoft</u> case the Ninth Circuit Court of Appeals held that Microsoft's "permatemp" workers were common law employees despite the fact that they signed written agreements acknowledging that they were independent contractors;

2. In <u>Baystate Affiliated Staffing v. Herner</u>, the First Circuit Court of Appeals rejected staffing agency argument that temporary workers who signed employment agreements stating they were independent contractors. The Court held that the workers were employees, therefore entitled to receive overtime pay as required by the FLSA, and the staffing agencies (and their business clients) were liable for violating the Fair Labor Standards Act (FLSA);

3. In <u>Yak v. Brussels</u> (June 2001), the Second Circuit Court of Appeals held that a worker who signed an employment contract stating that she was an independent contractor and waiving her rights to employee benefits was an employee. The Court ruled that: 1) plaintiff's worker status must be based on control of work and *not* an employment contract and 2) ERISA requirements governing employee benefits must override the terms of an employment contract. It based its ruling on the principle that "the terms of a contract cannot override either issues of control in an employment relationship to determine worker status or the legal requirements under ERISA";

4. In December 2001 the EEOC filed a $2 billion lawsuit against Allstate Insurance Company after its life insurance agents signed written agreements to convert from employee to contractor status as part of a company-wide restructuring program. The agency recently charged Allstate with "coercive and intimidating practices" when it forced its agents to sign written statements agreeing to the change of status from employee to independent contractor.

There can be little question that the factors outlined in <u>Darden</u> demonstrate that Mr. Yang is an employee and that the Company's written contract stating that he is an independent contractor is invalid under well established case law. We appreciate the opportunity to respond to the EEOC's inquiries and the misstatements made by Northwestern Mutual. In the event you have further questions, please do not hesitate to contact me.

Sincerely yours,

Grant E. Morris

**From:** "Grant Morris" <grantemorris@gmail.com>
**To:** <yangdavid@bellsouth.net>
**Sent:** Monday, November 12, 2007 6:00 PM
**Attach:** letter to EEOC Nov 12 re David Yang.doc
**Subject:** Fwd: David Yang: Northwestern Mutual: EEOC charge

David; I am sending you a copy of our letter to the EEOC.

If you have documents which you would like to give the EEOC, I suggest that you simply send the documents directly to the EEOC; rather than sending them to my office and then having us forward them to the EEOC; if you do this, just send me a copy of everything you send to the EEOC.

Also, you may well have additional comments that could be added to my letter. If so, I can provide a supplemental statement to the EEOC. Thanks.

Grant Morris


---------- Forwarded message ----------
From: Katie Cassling <kcassling@nydclaw.com>
Date: Nov 12, 2007 2:54 PM
Subject: RE: David Yang: Northwestern Mutual: EEOC charge
To: David Sanford <dsanford@nydclaw.com>, Grant Morris <grantemorris@gmail.com>


Hi Grant and David,

Attached please find the edited letter to the EEOC regarding David Yang. Most of the edits were formatting edits.

I will fax it as soon as I get an ok.

Thanks!

Katie


-----Original Message-----
From: David Sanford
Sent: Monday, November 12, 2007 10:11 AM
To: Grant Morris; Stefanie Roemer
Cc: Katie Cassling
Subject: RE: David Yang: Northwestern Mutual: EEOC charge

Grant:

1/8/2008

OK; Katie can you please do this? Thanks.

D

-----Original Message-----
From: Grant Morris [mailto:grantemorris@gmail.com]
Sent: Monday, November 12, 2007 8:58 AM
To: David Sanford; Stefanie Roemer
Subject: David Yang: Northwestern Mutual: EEOC charge

David Stephanie (if David is sick)

Please have one of the paralegals edit and fax the attached letter to the EEOC on behalf of David Yang who sent me the following email:

I just got a phone call from Jose Quinones (EEOC/Atlanta, GA). Jose said, he called many times and left messages for you(Grant Morris). Please call Jose Quinones @ 404.562.6830 and let him know what you want him to do.

Jose is the EEOC investigator;

Thanks.

Grant

1/8/2008