# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLA LINT, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 09CV1373 DMS (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF DAVID YANG**<br><br>[Doc. 71] |

Pending before the Court is Defendant's motion for summary judgment as to Plaintiff David Yang (herein, "Plaintiff"). For the following reasons, Defendant's motion is granted as to Plaintiff Yang's individual claims.

## I.

## BACKGROUND

Plaintiffs David Yang, Lola Lint, and Normal Waddell filed a Complaint alleging, individually and on behalf of all other similarly situated sales and financial representatives, violations of the Fair Labor Standards Act ("FLSA"), the California Labor Code, and the California Business and Professions Code by Defendant Northwestern Mutual Life Insurance Company. (Doc. 1.) Plaintiff Yang brought only the action under the FLSA, which was brought as an opt-in collective action pursuant to 29 U.S.C. § 216(b). (Complaint ¶¶ 9, 24.) On July 2, 2009, Plaintiff Yang filed a consent

to participate in the FLSA collective action and elected to be represented by the named Plaintiffs' counsel: Sanford Wittels & Heisler, LLP. (Doc. 5.) However, on April 16, 2010, named Plaintiffs' counsel filed a motion to withdraw as counsel for Plaintiff Yang, which the Court granted. (Docs. 35, 54.) In its Order of May 27, 2010, the Court stated "Mr. Yang . . . can not appear *pro se* and maintain an action as a representative for others. . . . Accordingly, if Mr. Yang Desires to proceed as a potential representative for a collective action, he must retain new counsel." (Doc. 54 at 2.) On June 25, 2010, the Court issued an Order granting Plaintiff Yang until August 13, 2010 to locate counsel and stating "[i]f Mr. Yang is unable to locate counsel by that time, he shall proceed on his individual claims but will not be able to represent any other potential class members." (Doc. 68 at 1.) Mr. Yang was unable to locate counsel by August 13, 2010 and elected to proceed *pro se* on his individual claims. (Doc. 78.)

On July 23, 2010, Defendant filed the instant motion for summary judgment as to Plaintiff Yang. (Doc. 71.) Plaintiff did not file an opposition to the motion. On September 24, 2010, Defendant filed a notice of Plaintiff's non-opposition to the motion. (Doc. 83.)[1]

## II.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine if "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Id.* at 248. When a motion for summary judgment is properly made and supported, it is not sufficient for an opposing party to "rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.

---

[1] In conjunction with its notice of non-opposition, Defendant requested the Court to take judicial notice of an opinion issued in *Bouder v. Prudential Financial, Inc.*, No. 06-cv-4359 (DMC) (D. N.J. Aug. 30, 2010). As court documents are properly subject to judicial notice pursuant to Federal Rule of Evidence 201, Defendant's request is granted.

If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

## III.

## DISCUSSION

Plaintiff Yang alleges Defendant violated the minimum wage and overtime pay requirements set forth in the FLSA. Defendant asserts there is no genuine issue of material fact as to these claims and it is entitled to judgment as a matter of law because Plaintiff Yang is subject to the outside sales exemption of the FLSA.

The FLSA requires employers to pay each employee engaged in commerce a mandated minimum wage per hour worked. 29 U.S.C. § 206(a). It further requires employers to compensate those employees engaged in commerce who work more than forty hours per week "at a rate not less than one and one-half times the regular rate" at which they are employed for those hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The FLSA, however, exempts certain employees from the above provisions, including those employed "in the capacity of outside salesman". 29 U.S.C. § 213(a)(1) ("[t]he provisions of section 206 . . . and section 207 of this title shall not apply with respect to (1) any employee employed . . . in the capacity of an outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary . . . )"). "[E]mployee employed in the capacity of outside salesman" is defined as any employee:

> (1) Whose primary duty is: (i) making sales within the meaning of section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
>
> (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. § 541.500(a). Section 3(k) of the Act in turn defines "sale" or "sell" as including "any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k). An employee's primary duty is determined by identifying "the principal, main, major, or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). Work performed "incidental to and in

conjunction with the employee's own outside sales or solicitations . . . [and] work that furthers the employee's sales efforts . . . shall be regarded as exempt work." 29 C.F.R. § 541.500(b). Furthermore, "[t]he phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant." 29 C.F.R. § 541.701. "The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home." 29 C.F.R. § 541.502.

"Courts applying the outside salesperson exemption consider whether sales are made by the employee but also look for hallmark activities including (1) whether the employee generates commissions for himself through his work, (2) the level of supervision of the employee, (3) the amount of work done away from the employer's place of business, (4) whether the employee independently solicits new business, and (5) the extent to which the employee's work is unsuitable to an hourly wage." *Chenensky v. N.Y. Life Ins. Co.*, No. 07cv11504 (WHP), 2009 WL 4975237, at *5 (S.D.N.Y. Dec. 22, 2009). Additional relevant factors include whether the job for which the employee was hired was advertised as a sales position and whether the employee receives specialized sales training. *See Nielsen v. DeVry, Inc.*, 302 F. Supp. 2d 747, 756-57 (W.D. Mich. 2003).

In support of its motion, Defendant submits evidence indicating Plaintiff Yang's status as an outside salesman within the meaning of the FLSA. Plaintiff Yang signed contracts with Worrell and Bullock, both general agents of Defendant, in 2001 and 2006, respectively, which indicated the parties' understanding that he was an independent sales agent. (Miller Decl. Ex. E; Ex. F.) Plaintiff Yang self-described the nature of his job for Defendant as insurance sales. (*Id*. at Ex. B at 325-26; Ex. I at 2; Ex. J.) He also received sales training and sales training materials in connection with his employment. (*Id*. at Ex. B at 387-89; Ex. S; Ex. T.) Plaintiff Yang did not receive a salary from Worrell, Bullock, or Defendant for his work. (Complaint ¶ 15; Miller Decl. Ex. B at 139.) Rather, he received commissions and renewal commissions for his sales of life insurance and his compensation stemmed entirely from his sales. (Miller Decl. Ex. E; Ex. F.) He was also required to meet minimum selling standards. (Miller Decl. Ex. E; Ex. F; Complaint ¶ 15.) On his tax returns, he represented himself as having his own business, which was involved in sales, and reported his earned commissions as business income derived from sales. (Miller Decl. Ex. J.)

As to whether he was customarily and regularly engaged away from his employer's place of business in connection with making sales, Plaintiff Yang stated that approximately 10-20 percent of his time was spent meeting with clients or prospective clients outside of the office and that the remaining 80 percent of his time was spent making calls in order to generate additional sales or training other sales agents. (*Id*. at Ex. B at 254, 257.) He was responsible for building his own client base and used various methods to do so, including searching the Yellow Pages and the internet, cold calling prospective clients, attending meetings of targeted organizations, making appointments with and dropping in on small business owners, and purchasing advertising. (*Id*. at Ex. B at 89, 145-47, 150, 192; Ex. D at 3-6, 9-10.) Plaintiff Yang engaged in travel to generate business and consummate sales and determined his own schedule, often working during the weekday, in the evenings, and on weekends. (*Id*. at Ex. B at 145-46, 362.) When he first started in the business, he would see approximately 50 clients per week and would drive approximately 4,000 miles each month in doing so. (*Id*. at Ex. B at 150-52, 256; Ex. D at 9.)

These factors, taken as a whole, support the conclusion that Plaintiff Yang was employed in the capacity of outside salesman for purposes of the FLSA. Accordingly, there is no genuine issue as to any material fact with respect to Plaintiff Yang's individual claims under the FLSA and Defendant is entitled to summary judgment on these claims as a matter of law.

## IV.
## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment as to Plaintiff Yang with respect to his individual claims is granted.[2]

**IT IS SO ORDERED.**

DATED: November 19, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] Because the Court herein grants Defendant's motion for summary judgment as to Plaintiff Yang, Plaintiff Yang's motion to unseal the affidavit filed in support of counsel's motion to withdraw as counsel for Plaintiff Yang is denied as moot. (Doc. 62.)